Theophilus Deboer **TARLTON**,
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–00–01410–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 6, 2002.

Rehearing Overruled Aug. 1, 2002.

James L. Steele, Houston, for appellant.

Kevin P. Keating, Houston, for appellee.

Panel consists of Justices YATES, EDELMAN, and DRAUGHN.*

## OPINION

LESLIE BROCK YATES, Justice.

Appellant, Theophilus Deboer Tarlton, was convicted of illegally disposing of used oil. *See* TEX. WATER CODE ANN. § 7.176 (Vernon 2000). In seven issues, appellant asserts various defects in both the indictment and the statute under which he was convicted. He also asserts the evidence is insufficient to support his conviction. We affirm.

### I. Procedural Background

Appellant was charged by separate indictments with three counts of disposing of used oil and one count of disposing of hazardous waste. Appellant waived his right to a jury and pleaded not guilty. At the conclusion of the State's case-in-chief, the court granted appellant's motion for directed verdict on two of the charges of used-oil dumping and the hazardous-waste-disposal charge. At the close of evidence, the court found appellant guilty of illegally disposing of used oil. Following a hearing on punishment, the court sentenced appellant to five years' confinement and a $5,000 fine. The court then suspended the sen-

---

* Senior Justice Joe L. Draughn sitting by assignment.

tence and placed appellant on community supervision for five years.

## II. The Statute

We begin by examining the relevant criminal statute. Appellant was charged with committing an offense under section 7.176 of the Texas Water Code, "Violations Relating to Handling of Used Oil." TEX. WATER CODE ANN. § 7.176.[1] Section 7.176(a)(2) provides that a person commits an offense if the person either (a) "knowingly mixes or commingles used oil with solid waste that is to be disposed of in landfills" or (b) "knowingly ... directly disposes of used oil on land or in landfills." *Id.* § 7.176(a)(2). However, subsection (a)(2) further provides that an offense is not committed if "the mixing or commingling of used oil with solid waste that is to be disposed of in landfills is incident to and the unavoidable result of the mechanical shredding of motor vehicles, appliances, or other items of scrap, used, or obsolete metals." *Id.*

The statute then provides two "exceptions" to its application. The first exception states that section 7.176 does not apply if a person "unknowingly disposes into the environment any used oil that has not been properly segregated or separated by the generator from other solid wastes." *Id.* § 7.176(b). The second exception provides that subsection (a)(2) does not apply if "the mixing or commingling of used oil with solid waste that is to be disposed of in landfills is incident to and the unavoidable result of the mechanical shredding of motor vehicles, appliances, or other items of scrap, used, or obsolete metals." *Id.* § 7.176(c).

## III. The Indictment

In this case, the indictment alleged that on or about February 17, 1999, appellant "did then and there unlawfully, knowingly dispose of used oil on land located near 8215 Braniff." Appellant claims that the trial court erred in denying his motion to set aside this indictment on grounds that (1) the indictment failed to negate the exceptions in the statute on which the indictment was based, (2) the indictment failed to give appellant adequate notice to prepare his defense, (3) the indictment failed to give appellant adequate information to plead the judgment in bar to any subsequent prosecution, (4) the underlying statute is unconstitutionally vague because it fails to give notice of the conduct that is

---

**1.** The relevant portion of section 7.176 reads as follows:

(a) A person commits an offense if the person:
. . .
(2) knowingly mixes or commingles used oil with solid waste that is to be disposed of in landfills or directly disposes of used oil on land or in landfills, unless the mixing or commingling of used oil with solid waste that is to be disposed of in landfills is incident to and the unavoidable result of the mechanical shredding of motor vehicles, appliances, or other items of scrap, used, or obsolete metals;
(3) knowingly transports, treats, stores, disposes of, recycles, causes to be transported, or otherwise handles any used oil within the state:

(A) in violation of standards or rules for the management of used oil; or
(B) without first complying with the registration requirements of Chapter 371, Health and Safety Code, and rules adopted under that chapter;
(b) It is an exception to the application of this section that a person unknowingly disposes into the environment any used oil that has not been properly segregated or separated by the generator from other solid wastes.
(c) It is an exception to the application of Subsection (a)(2) that the mixing or commingling of used oil with solid waste that is to be disposed of in landfills is incident to and the unavoidable result of the mechanical shredding of motor vehicles, appliances, or other items of scrap, used, or obsolete metals.

prohibited, (5) the underlying statute is unconstitutionally vague because it allows unbridled discretion in the enforcement of the statute, and (6) the underlying statute denies equal protection of the law by discriminating in its punishment provisions.

We review the trial court's ruling on a motion to set aside the indictment for an abuse of discretion. *Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim.App.1981) (op. on reh'g); *State v. Goldsberry*, 14 S.W.3d 770, 772 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). A trial court abuses its discretion if it acts without reference to guiding rules and principles, or acts arbitrarily or unreasonably. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993).

### A. Exceptions to the Statute

In his first issue, appellant contends that the trial court erred in denying his motion to set aside the indictment because it fails to negate the two exceptions set forth in the statute. The State must negate the existence of any exception to an offense in the indictment. TEX. PEN.CODE ANN. § 2.02(b) (Vernon 1994). The negation of an exception to an offense constitutes an element of the offense. *Id.* § 1.07(a)(22); *Tobias v. State*, 884 S.W.2d 571, 578 (Tex.App.-Fort Worth 1994, pet. ref'd). However, the State need not expressly negate an exception in the indictment; it may do so implicitly. *See Kohler v. State*, 713 S.W.2d 141, 144 (Tex.App.-Corpus Christi 1986, pet. ref'd); *Priego v. State*, 658 S.W.2d 655, 659 (Tex.App.-El Paso 1983, no pet.) (both holding that the State's use of the term "parent" in an indictment to describe the defendant's relationship to a child implicitly negated an exception to liability for individuals who relinquished their parental rights or had them terminated by a judicial order).

Here, we find the indictment implicitly negated both exceptions set forth in section 7.176. By alleging in the indictment that appellant acted "knowingly," the State negated the first exception, which states the statute does not apply to one who *"unknowingly* disposes" of certain products into the environment. TEX. WATER CODE ANN. § 7.176(b) (emphasis added). The indictment also alleged that appellant disposed of used oil "on land." Thus, the State implicitly negated the second exception, which provides that section 7.176(a)(2) does not apply if "the mixing or commingling of used oil with solid waste that is to be disposed of *in landfills* is incident to and the unavoidable result of the mechanical shredding of motor vehicles, appliances, or other items of scrap, used, or obsolete metals." *See id.* § 7.176(c) (emphasis added).

Furthermore, the State was not required to negate the second exception because it did not apply to the offense with which appellant was charged. Although section 7.176(c) states that it applies to subsection (a)(2), that subsection prohibits two distinct types of conduct: (a) mixing or commingling used oil with solid waste that is to be disposed of in landfills and (b) directly disposing of used oil on land or in landfills. By its plain language, section 7.176(c) applies only to offenses arising from the "mixing or commingling of used oil with solid waste that is to be disposed of in landfills." *Id.* The State did not charge appellant with an offense based on such "mixing or commingling." Rather, the State charged appellant with the offense of directly disposing of used oil on land.

Appellant contends the second exception applies to his charged offense because the term "on land" encompasses the term "in landfills." We disagree. Neither "land" nor "landfill" is defined in

the Texas Water Code. Undefined words in statutes are given their plain meaning unless the statute clearly shows that they were used in another sense. *Daniels v. State*, 754 S.W.2d 214, 219 (Tex.Crim.App. 1988); *Weyandt v. State*, 35 S.W.3d 144, 155 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Statutory words are to be read in context and construed according to the rules of grammar and common usage. *Weyandt*, 35 S.W.3d at 155.

■ The plain meaning of "land" is "the solid part of the surface of the earth." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1268 (1993). A "landfill" is defined as "disposal of trash and garbage by burying it under layers of earth in low ground." *Id.* Disposal of waste "in landfills" describes a specific method of waste disposal that is distinct from direct disposal "on land." Furthermore, under appellant's construction of the statute, it would have been redundant for the Legislature to refer to conduct occurring either "on land *or in landfills.*" TEX. WATER CODE ANN. § 7.176(a)(2) (emphasis added). If at all possible, we construe a statute in a way that gives effect to all its parts, so that no part is construed as void or redundant. *Badgett v. State*, 42 S.W.3d 136, 139 (Tex. Crim.App.2001). Appellant's first issue is overruled.

## B. Sufficiency of the Language in the Indictment

Appellant's third and fourth issues address the sufficiency of the language in the indictment. In his third issue, appellant claims the indictment failed to give him adequate notice to prepare his defense. In his fourth issue, appellant claims the indictment failed to give him adequate information to plead the judgment in bar to any subsequent prosecution for the same offense. In support of both of these issues, appellant contends the indictment (1) gave

insufficient notice of the particular statutory provision under which he was being charged and (2) contained an inadequate description of the method of appellant's alleged disposal of used oil.

■ An indictment is deemed sufficient if it "charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged." TEX.CODE CRIM. PROC. ANN. art. 21.11 (Vernon 1989). The indictment must give a defendant sufficient notice to prepare a defense, and it must be sufficiently certain to enable a defendant to plead the judgment in bar. *State v. Mays*, 967 S.W.2d 404, 406 (Tex.Crim.App.1998). A motion to quash should be granted when the language in the charging instrument concerning the defendant's conduct is so vague or indefinite that it denies the defendant effective notice of the acts he allegedly committed. *Daniels*, 754 S.W.2d at 217.

■ Appellant first claims the offense was not set forth in plain and intelligible words sufficient to inform him which portion of section 7.176 he was charged with violating. Because the indictment in this case alleged that appellant "knowingly dispose[d] of used oil on land," the language of the indictment essentially tracked the language of section 7.176(a)(2). Subject to rare exceptions, an indictment which tracks the statutory language of an offense is sufficient to provide the accused with notice of the charged offense. *Mays*, 967 S.W.2d at 406; *Daniels*, 754 S.W.2d at 218. Subsection (a)(2) is the only provision of section 7.176 that deals directly with the disposal of used oil "on land." Therefore, we conclude the indictment gave appellant

sufficient notice that he was being charged with violating that particular subsection.

 Appellant also claims that the indictment inadequately described the alleged method of used-oil disposal. Merely tracking the language of the statute may be insufficient if the statutory language is not sufficiently descriptive. *See Daniels,* 754 S.W.2d at 218. Specifically, appellant contends that section 7.176(a)(3) prohibits several methods of disposing of used oil and the State did not allege which portion of subsection (a)(3) he allegedly violated.[2] *See Mays,* 967 S.W.2d at 407 ("[W]hen a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it neglects to identify which of the statutory means it addresses."). However, as the State notes, appellant was not charged with violating section 7.176(a)(3). Rather, the indictment charged appellant with disposing of used oil "on land," which is prohibited under section 7.176(a)(2). Therefore, the indictment used sufficient language to apprise appellant of the act he allegedly committed. We overrule appellant's third and fourth issues.

## C. Constitutionality of the Statute

 Appellant's fifth, sixth, and seventh issues attack the constitutionality of section 7.176 of the Texas Water Code. We begin with the presumption the statute is valid and the Legislature has not acted unreasonably or arbitrarily in enacting the statute. *Weyandt,* 35 S.W.3d at 154–55. The burden is on the party challenging the statute to establish its unconstitutionality. *Id.* at 155. This court has a duty to uphold the statute if a reasonable construction can be ascertained that will render it constitu-

tional and carry out the legislative intent. *Id.*

### 1. Vagueness

 In his fifth and sixth issues, appellant asserts that the trial court should have set aside the indictment because section 7.176 is unconstitutionally vague. Appellant complains that the statute (1) fails to give sufficient notice of the conduct that is prohibited and (2) provides law enforcement officers unbridled discretion in enforcing the statute.

 All criminal laws must give reasonably clear notice, to the public and to law enforcement officials, of what behavior is being criminalized. *Fogo v. State,* 830 S.W.2d 592, 595 (Tex.Crim.App. 1992). A statute is unconstitutionally vague if it fails to give individuals of common intelligence a reasonable opportunity to know what conduct is prohibited or if it fails to establish determinate guidelines for enforcing the statute. *See Margraves v. State,* 34 S.W.3d 912, 920 (Tex.Crim.App. 2000).

 The gist of appellant's argument is that section 7.176 is unconstitutionally vague because the term "used oil" is not defined. He complains it is unclear at what point oil becomes "used oil" so to constitute a violation of the statute: whether it is used, for example, after first being placed in an automobile, after 100 miles of use, or after 3,000 miles of use. However, a statute is not unconstitutionally vague merely because the words or terms used are not specifically defined. *Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim.App.1988). A statutory provision need not be cast in terms that are

---

**2.** Under section 7.176(a)(3), it is an offense to knowingly dispose of used oil within Texas "(A) in violation of standards or rules for the management of used oil; or (B) without first

complying with the registration requirements of Chapter 371, Health and Safety Code...." TEX. WATER CODE ANN. § 7.176(a)(3).

mathematically precise; it need only give fair warning of the conduct proscribed and provide guidelines for law enforcement. *Weyandt,* 35 S.W.3d at 155.

As previously discussed, undefined words are ordinarily given their plain meaning unless the statute clearly shows that they were used in some other sense. *Daniels,* 754 S.W.2d at 219. "Used" is defined as "employed in accomplishing something." Webster's Third New International Dictionary 2524. The statute's prohibition against disposal of "used" oil is clear both to persons of ordinary intelligence and to law enforcement officers. Quite simply, oil has either been "used" or it has not.

■ Finally, appellant contends that the statute would penalize one who has a leaking engine or changes his own oil and dumps the used oil in the backyard or in a landfill. However, in addressing a challenge to the constitutionality of a statute, we need only determine whether the statute is unconstitutional as applied to appellant's conduct, not some hypothetical defendant. *See Bynum v. State,* 767 S.W.2d 769, 774 (Tex.Crim.App.1989). Accordingly, we overrule appellant's fifth and sixth issues.

### 2. Equal Protection

Appellant asserts in his seventh issue that section 7.176 is unconstitutional because it violates the equal protection clauses of the United States and Texas Constitutions. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 3. Appellant contends

the statute treats individuals differently than corporations because individuals are subject to imprisonment in addition to fines for violations, whereas corporations are subject only to fines.[3]

■ If a statutory classification does not interfere with a fundamental right or discriminate against a suspect class, it need only be rationally related to a legitimate governmental purpose to survive an equal protection challenge. *Cannady v. State,* 11 S.W.3d 205, 215 (Tex. Crim.App.), *cert. denied,* 531 U.S. 850, 121 S.Ct. 125, 148 L.Ed.2d 80 (2000). Those attacking the rationality of a legislative classification have the burden to negate every conceivable basis that might support it. *Anderer v. State,* 47 S.W.3d 60, 66 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd). We apply a highly deferential standard of review to equal protection claims of this nature. *Id.* This standard is extremely respectful of legislative determinations and essentially means that a court will not invalidate a statute unless the statute draws distinctions that simply make no sense. *Id.*

■ Applying the rational-basis test to this statute, we find that the statute does not violate equal protection. The Texas Court of Criminal Appeals considered and rejected appellant's argument in *Ex parte Walsh,* 59 Tex.Crim. 409, 129 S.W. 118 (1910). In *Walsh,* the court held that a statute imposing a different punishment for individuals than for corporations did not violate equal protection because a corporation cannot be imprisoned. *Id.* at 123.

**3.** We note that section 7.176 itself makes no distinction between corporations and individuals. *See* Tex. Water Code Ann. § 7.176(d) (providing that an offense under section 7.176 is punishable by a fine, imprisonment, or both). Section 12.51 of the Texas Penal Code, however, provides that if a corporation is adjudged guilty of an offense punishable by

imprisonment, the court may instead impose a fine as set forth in that statute. Tex. Pen. Code Ann. § 12.51(b) (Vernon 1994). Accordingly, we will treat appellant's equal protection challenge as an attack on section 12.51 of the Texas Penal Code as applied to a violation of section 7.176 of the Texas Water Code.

By imposing a standard of punishment for corporations, the statutes at issue here ensure that corporations, in addition to individuals, can be punished for violations of section 7.176, albeit in the only manner possible for corporations. Thus, there is a rational basis for the distinction between corporations and individuals. We overrule appellant's seventh issue.

## IV. Sufficiency of the Evidence

██ Finally, in his second issue, appellant argues that the evidence was insufficient to prove that his conduct did not fall within the exceptions set forth in section 7.176. *See* TEX. PEN.CODE ANN. § 2.02(b) (providing the State must prove beyond a reasonable doubt that a defendant's conduct does not fall within an exception to the offense). In evaluating the legal sufficiency of the evidence,[4] we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979)).

██ Appellant contends the State failed to prove beyond a reasonable doubt that appellant's actions fell outside the first exception because there was no proof that he did not unknowingly dispose into the environment any used oil that had not been properly segregated or separated from other solid waste. *See* TEX. WATER CODE ANN. § 7.176(b). However, we find that the evidence was legally sufficient to prove that appellant "knowingly" disposed of used oil, thus disproving the first exception. Gracie Lopez, a City of Houston inspector, testified that she found barrels and numerous vehicles on appellant's property in November of 1998. Lopez testified she informed appellant soon after that the vehicles and barrels had to be removed. Appellant indicated to her that he would comply. When Lopez returned to the property in October of 1999, the vehicles were gone, but the barrels remained. A dark liquid was seeping from the barrels onto the ground. Appellant told Lopez that the substance on the ground was "automotive fluids" from the vehicles that were present earlier. Appellant again told Lopez that he would remove the barrels. A rational trier of fact could have found beyond a reasonable doubt that appellant did not unknowingly dispose of used oil that was mixed with other solid waste.

██ Appellant further contends that the State did not prove beyond a reasonable doubt that appellant's actions fell outside the second exception because there was no proof that appellant's disposal of used oil was not a result of the mixing or commingling of used oil with solid waste that was to be disposed of in landfills and that was incident to and the unavoidable result of the mechanical shredding of motor vehicles, appliances, or other items of scrap, used, or obsolete metals. *See* TEX. WATER CODE ANN. § 7.176(c). As previously discussed, this exception, relating to the mixing or commingling of used oil with solid waste, does not apply to the offense with which appellant was charged. Nevertheless, we find that the evidence was legally sufficient to prove that appellant disposed of used oil on land, not in a landfill, thus disproving the second exception.

On February 6, 1999, Officer Rafael Nino of the Houston Police Department found two 55–gallon drums on a road near appellant's premises. He observed oil spilling onto the road and the land on the

---

4. Appellant does not specify whether his challenge is a legal or factual sufficiency challenge. However, because he cites the standard of review for legal sufficiency, we consider only whether the evidence is legally sufficient.

side of the road from the drums. Steven Brown, who owned the property next to the road where the barrels were found, testified that some of the substance was on his land. Jonathan Ponter, an employee of an environmental management company, testified that this neighboring property was not a permitted landfill or landfill area. An oil trail from the drums led to the residence where Inspector Lopez had spoken to appellant. There, officers found several other drums, as well as puddles of standing oil on the ground. Several of the drums had been punctured, and officers found a "pick tool" on the property whose shape matched the holes in the drums. Therefore, a rational trier of fact could have found beyond a reasonable doubt that appellant disposed of used oil, without mixing or commingling it with solid waste, on land and not in a landfill. Appellant's second issue is overruled.

We affirm the trial court's judgment.