**Erron Deon WALKER, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–05–01168–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 27, 2007.

Mike DeGeurin, Houston, for appellants.

Alan Curry, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

Appellant, Erron Deon Walker, a previously convicted felon, was charged with the felony offense of possessing body armor. In one enhancement paragraph, the State alleged appellant had been previously convicted of conspiracy to commit bank fraud. Appellant filed a motion to dismiss challenging the constitutionality of Texas Penal Code section 46.041. The trial court denied the motion. Appellant entered a plea of no contest to the offense and a plea of true to the allegations in the enhancement paragraph. The trial court found appellant guilty of the charged offense and entered a finding of true relative to the allegations in the enhancement paragraph. The trial court sentenced him to two years' confinement. In six issues, appellant contends Texas Penal Code section 46.041(1) violates his right to equal protection under Texas Constitution article 1, section 3 and the Fourteenth Amendment to the U.S. Constitution because it "impinges upon appellant's fundamental right to defend himself without precisely tailoring the statute to serve a compelling governmental interest," (2) violates his right to equal protection of law under Texas Constitution article 1, section 3 and Fourteenth Amendment to the U.S. Constitution because it "impinges on appellant's right to defend himself without a foundation of important governmental objectives that are substantially related to the achievement of those objectives or that are rationally related to its enactment," (3) is

unconstitutionally vague, and (4) is unconstitutionally overbroad. We affirm.

## I. BACKGROUND

Appellant owns a small restaurant and has a catering contract with a charter school. On November 17, 2004, appellant was stopped by a police officer for a traffic violation. During the stop, the officer observed body armor in the back seat of appellant's car. After the officer determined appellant had two previous felony convictions for fraudulent use of identification information and conspiracy to commit bank and identification fraud, he was arrested for felony possession of body armor under Texas Penal Code 46.041.[1] Following the arrest, appellant contended that his restaurant was located in a dangerous part of Houston, and he needed body armor to deliver cash proceeds to the bank.

## II. TEXAS PENAL CODE SECTION 46.041

Texas Penal Code section 46.041(b) provides: "A person who has been convicted of a felony commits an offense if after the conviction the person possesses metal or body armor." TEX. PENAL CODE ANN. § 46.041(b) (Vernon 2003). "Metal or body armor" are defined as "any body covering manifestly designed, made, or adapted for the purpose of protecting a person against gunfire." TEX. PENAL CODE ANN. § 46.041(a) (Vernon 2003).

## III. EQUAL PROTECTION

We address appellant's first four issues challenging the constitutionality of Texas Penal Code section 46.041based on equal protection together. In his first and second issues, appellant contends Texas Penal Code section 46.041 violates his right to equal protection of law under Texas Constitution article 1, section 3 and the Fourteenth Amendment to the U.S. Constitution because it "impinges upon appellant's fundamental right to defend himself without precisely tailoring the statute to serve a compelling governmental interest." Specifically, appellant's equal protection argument appears to be based on his contention that the statute proscribes all felons from possessing body armor without distinguishing between violent and nonviolent felons.

In addressing constitutional challenges, we begin by presuming the statute is valid and construe the statute in favor of its constitutionality. *Smith v. State*, 149 S.W.3d 667, 670 (Tex.App.-Austin 2004, pet. ref'd) (citing *Smith v. State*, 898 S.W.2d 838, 847 (Tex.Crim.App.1995)); *Jordan v. State*, 56 S.W.3d 326, 329–30 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd) (citing *Garay v. State*, 940 S.W.2d 211, 215 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd)). The challenger has the burden of establishing unconstitutionality. *Jordan*, 56 S.W.3d at 330 (citing *Garay*, 940 S.W.2d at 215); *Wilson v. State*, 44 S.W.3d 602, 604 (Tex.App.-Fort Worth 2001, pet. ref'd) (citing *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978)).

The principle of equal protection guarantees that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); *Sanders v. Palunsky*, 36 S.W.3d

---

1. Although there is no reporter's record from the trial court, the State acknowledges the parties appear to have agreed as to the manner in which appellant was found with the body armor and cites to portions of the court record in which each party described the manner in which the body armor was found. Because we resolve the issues on other grounds, we need not reach the State's argument that because there is no reporter's record from the trial court identifying appellant's conduct, this court cannot identify appellant's conduct.

222, 224–25 (Tex.App.-Houston [14th Dist.] 2001, no pet). The same standards for equal protection challenges under the United States Constitution are applied to the Texas Constitution. *Reid v. Rolling Fork Pub. Util. Dist.,* 979 F.2d 1084, 1089 (5th Cir.1992); *Rose v. Doctors Hosp.,* 801 S.W.2d 841 846 (Tex.1990). A statutory classification is evaluated under strict scrutiny if it interferes with a fundamental right or discriminates against a suspect class. *Cannady v. State,* 11 S.W.3d 205, 215 (Tex.Crim.App.2000) (citing *Kadrmas v. Dickinson Public Schools,* 487 U.S. 450, 458, 108 S.Ct. 2481, 101 L.Ed.2d 399 (1988); *Henderson v. State,* 962 S.W.2d 544, 560 (Tex.Crim.App.1997)). If a statutory classification does not interfere with a fundamental right or discriminate against a suspect class, it need only be rationally related to a legitimate governmental purpose to survive an equal protection challenge. *Id.* (citing *Henderson,* 962 S.W.2d at 560). This is the "rational basis test." *Id.* Those attacking the rationality of a legislative classification have the burden to negate every conceivable basis that might support it. *Tarlton v. State,* 93 S.W.3d 168, 176 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd) (citing *Anderer v. State,* 47 S.W.3d 60, 66 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd)). We apply a highly deferential standard of review to equal protection claims of this nature. *Id.* This standard is extremely respectful of legislative determinations and essentially means a court will not invalidate a statute unless the statute draws distinctions that simply make no sense. *Id.* Further, we will uphold a statute as long as it implements any

rational purpose, even if the legislature never considered the purpose when enacting the statute. *Anderer,* 47 S.W.3d at 67 n. 4 (citing *F.C.C. v. Beach Comm., Inc.,* 508 U.S. 307, 315, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993)). For constitutional purposes, it is irrelevant whether the conceived reason for the challenged distinction actually motivated the legislature. *Id.* (citing *Flemming v. Nestor,* 363 U.S. 603, 612, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960)).

## A. Strict Scrutiny

 In his first two issues, appellant tries to take advantage of the more favorable strict scrutiny test by arguing Texas Penal Code section 46.061 violates his "fundamental right to defend one's self." However, appellant cites no cases finding a "fundamental right to defend one's self." [2] Appellant cites only to the Second Amendment to the U.S. Constitution and Texas Constitution Article 1, section 23. *See* U.S. Amend. II; Tex. Const. Art. I, § 23 (providing right to "keep and bear arms"). However, appellant cites no authority indicating body armor is covered by these provisions. Accordingly, we do not believe that this case implicates the Second Amendment or Texas Constitution article 1, section 23, and we do not need to comment on those provisions.[3]

Moreover, felons are not a suspect class; therefore, they do not warrant strict scrutiny review. *United States v. Wicks,* 132 F.3d 383, 389 (7th Cir.1997); *Baker v. Cuomo,* 58 F.3d 814, 820–22 (2d Cir.1995), *vacated on other grounds by Baker v. Pataki,* 85 F.3d 919 (2d Cir.1996) (en banc);

**2.** Appellant contended during oral argument a "fundamental right to defend one's self" is found in natural law. However, an appellant may not raise new points during oral argument; therefore we will not address this contention because it was not included in appellant's brief. *See* Tex.R.App. P. 39.2; *Moore v.*

*State,* 165 S.W.3d 118, 122 n. 1 (Tex.App.-Fort Worth 2005, no pet.).

**3.** Because we find Texas Constitution article 1, section 23 does not apply here, we need not address the State's argument that appellant does not have standing to invoke that provision.

*Hilliard v. Ferguson,* 30 F.3d 649, 652 (5th Cir.1994). Therefore, we will not apply strict scrutiny to appellant's challenge to Texas Penal Code section 46.041. We will apply the rational basis test.[4] Accordingly, appellant's first and second issues are overruled.

## B. Rational Basis Test

▇▇▇ In his third and fourth issues, appellant contends Texas Penal Code section 46.041 violates his right to equal protection guaranteed by Texas Constitution article 1, section 3 and the Fourteenth Amendment to the U.S. Constitution because it "impinges on appellant's right to defend himself without a foundation of important governmental objectives that are substantially related to the achievement of those objectives or that are substantially related to the achievement of those objectives or that are rationally related to its enactment." Appellant only cites cases generally defining and applying the rational basis test.

The statute at issue solely restricts the activities of felons. The U.S. Supreme Court has upheld numerous statutes restricting the activities of felons. *See Lewis v. United States,* 445 U.S. 55, 66, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (holding Congress could rationally conclude that any felony conviction, even an allegedly invalid one, was a sufficient basis on which to restrict felon's possession of a firearm); *Richardson v. Ramirez,* 418 U.S. 24, 56, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974) (holding disenfranchisement of felons who have completed their sentences and paroles does not violate equal protection); *De Veau v. Braisted,* 363 U.S. 144, 157–59, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960) (holding proscription against felons holding office in a waterfront labor organization does not violate the Due Process Clause); *Hawker v. New York,* 170 U.S. 189, 200, 18 S.Ct. 573, 42 L.Ed. 1002 (1898) (holding states may prohibit felons from practice of medicine).

We consider a sister court's application of the rational basis test when considering the constitutionality of Texas Penal Code section 46.04, prohibiting all felons from possessing a firearm for five years after their release from confinement or community supervision, parole, or mandatory supervision, whichever date is later. *Jordan v. State* 56 S.W.3d 326, 330–31 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd). In finding Texas Penal Code section 46.06 constitutional, the First Court of Appeals applied the reasoning of *U.S. v. Giles,* in which the Fifth Circuit considered an equal protection challenge to the federal statute prohibiting all felons from possessing firearms. *Id.* (discussing *U.S. v. Giles,* 640 F.2d 621, 624–25 (5th Cir.1981)). In *Giles,* the defendant argued the irrationality of Congress to presume that persons who have been convicted of a serious nonviolent crimes are more likely than ordinary citizens to engage in violent crimes involving firearms in the future. 640 F.2d at 625. Under the rational basis test, the defendant had to demonstrate there was no rational relationship between prohibiting possession of firearms by persons convicted of nonviolent felonies and reduction of lawlessness and violent crime. *Id.* at 625–26. In rejecting the challenge, the Fifth Circuit joined several other federal

---

**4.** In issues one and two, appellant further contends Texas Penal Code section 46.041 is not sufficiently tailored to serve a compelling governmental interest because the Legislature could have accomplished its goal of preventing the use of body armor in commission of crimes without restricting all felons. In support, appellant argues there are body armor statutes from other jurisdictions that prohibit only violent felons from possessing body armor. We do not reach this argument because we are *not* applying strict scrutiny, and appellant made this argument only in the context of his strict scrutiny argument in his brief.

circuit courts in concluding that the federal statute was rationally related to the goal of precluding access to firearms for felons because of their greater potential to abuse the right to possess firearms. *Jordan*, 56 S.W.3d at 331; *Giles*, 640 F.2d at 625–27. We conclude that the same rational basis analysis in *Jordan* and *Giles* applies in this case: the statute is rationally related to a legitimate government interest of precluding felons from possessing body armor because of their greater potential to abuse the right to possess body armor.

House Bill 84, now Texas Penal Code section 46.041, was introduced in 2001 in response to deadly shoot-outs between assailants and police officers that occurred in California during 1997. Texas Legislature Online, HB 84 Analysis, http://www.capitol.state.tx.us/home.aspx (follow Search Legislation, Legislature 77(R)–2001, HB 84, Bill Analysis). The assailants wore one layer and in some cases two layers of body armor. *Id.* One of the shoot-outs resulted in the death of a police officer. *Id.* Further, we note the House Criminal Jurisprudence Committee discussed whether to distinguish between violent and nonviolent felons. *Id.* (Criminal Jurisprudence Committee Meeting May 8, 2001). However, there was no such distinction in the final bill. Under the rational basis review, we respect the Legislature's determinations. *See Tarlton*, 93 S.W.3d at 176. The statute does not "draw distinctions that simply make no sense." *Id.* The statute implements the rational purpose of preventing those who have previously committed serious crimes from possessing body armor.

Moreover, appellant has failed to demonstrate that there is no rational relationship between the prohibition for nonviolent felons and a legitimate government purpose. When addressing issues three and four, appellant only cites to general case law explaining the rational basis test. There-

fore, he does not fulfill his burden to negate every conceivable basis that might support the classification. *Id.* Accordingly, we overrule appellant's third and fourth issues.

## IV. CONSTITUTIONAL VAGUENESS CHALLENGE

██ Appellant contends in his fifth issue that Texas Penal Code section 46.01 is unconstitutionally vague. However, appellant only cites general case law and fails to argue how Texas Penal Code section 46.01 is unconstitutionally vague. We find this issue has not been properly presented. *See* TEX.R.APP. P. 38.1(h). Accordingly, we overrule appellant's fifth issue.

## V. CONSTITUTIONAL OVERBREADTH CHALLENGE

██ Appellant contends in his sixth issue that Texas Penal Code section 46.01 is unconstitutionally overbroad. Specifically, appellant contends it could be read to encompass "World War II army helmet[s], steel toed work/army boots, bird hunting jackets/vests, shooting glasses, etc." Appellant also contends Texas Penal Code section 46.01 is unconstitutionally overbroad because it prohibits possession of body armor by all felons in all circumstances.

██ We find appellant has failed to articulate a proper constitutional overbreadth challenge. A statute is considered impermissibly overbroad only if, in addition to constitutionally proscribed activities, it sweeps within its coverage speech or conduct protected by the First Amendment. *State v. Stone*, 137 S.W.3d 167, 179 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd) (citing *Bynum v. State*, 767 S.W.2d 769, 772 (Tex.Crim.App.1989)); *Knight v. State*, 91 S.W.3d 418, 425 (Tex.App.-Waco 2002, no pet.). Appellant has not chal-

lenged section 46.01 on this basis. We overrule appellant's sixth issue.

Accordingly, the judgment of the trial court is affirmed.