NO. 07-07-0086-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 28, 2008


______________________________



TOMAS RODRIGUEZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;



NO. A-4022-06-01; HON. ROBERT KINKAID, JR., PRESIDING


_______________________________



 Memorandum Opinion

 _______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Tomas Rodriguez (appellant) appeals his conviction for aggravated sexual assault. 
Via three issues, he contends that the trial court erred in admitting his written statement
into evidence at trial. We affirm.

Background


 Appellant was approached by Tulia police officer Doyle Ozment concerning
information involving appellant in an alleged aggravated sexual assault of a child younger
than fourteen years of age. Appellant accompanied Ozment to the Tulia police station with
the purpose of giving a statement. It was determined that while appellant could not read
and write English very well, Ozment could not read or write Spanish. Thus, officer Emmett
Benavidez was brought into the station to interpret for appellant. Benavidez read to
appellant in Spanish the Miranda warnings, and appellant indicated that he understood
them. After that, appellant gave a statement to Benavidez, who interpreted it into English,
wrote it down, and proffered it to appellant for his signature. Appellant placed his initials
next to the Miranda warnings appearing on the statement and then signed it. Darla
Richardson, a notary public and dispatcher for the Tulia police department, then notarized
the statement. 

 Issue One - Brady Violation


 Appellant initially contends that he was denied due process when the State failed
to disclose, prior to trial, appellant's written statement that he signed. The statement
purportedly constituted Brady material requiring disclosure. We overrule the issue because
the objection now made was omitted from the grounds mentioned at trial prior to admission
of the document. Because it was so omitted and the trial court was denied opportunity to
consider it before ruling upon the appropriateness of the document, the ground was
waived. Tex. R. App. P. 33.1 (requiring a contemporaneous objection); Martinez v. State,
91 S.W.3d 331, 335-36 (Tex. Crim. App.2002) (holding that the objection must be made
when the error is first perceived). 





Issue Two - Statutory Violation


 Through his second issue, appellant contends that the written statement alluded to
in his first issue was actually hearsay and failed to comport with the statutory requirements
conditioning the admission of oral statements. We overrule the issue.

 As with his Brady claim, appellant did not mention this ground or reason purportedly
justifying exclusion of the evidence when uttering his objection. Thus, that ground also was
waived. As for the purported failure to comply with the prerequisites for admitting an oral
statement, we note that the statement was not oral but written and signed by appellant. 

Third Issue - Denial of an Independent Interpreter


 In his final issue, appellant contends that his due process and equal protection 
rights were violated when he was not afforded the same rights given a deaf person who
makes an inculpatory statement. In other words, because a deaf person is afforded
greater protections than a person who simply cannot read or write English, his due process
and equal protections rights allegedly were denied him. We overrule the issue.

 While appellant did refer, at trial, to the protections afforded a deaf person, he did
so as a way of comparison. That is, he sought to liken the situation of a deaf person to that
of someone who neither reads nor writes English. But, nowhere in his argument did he say
that because a deaf person received more protections than someone who could not read
or write English, the latter was denied due process or equal protection. Thus, his
constitutional arguments were not preserved.

 Nor did appellant endeavor to provide the court with substantive analysis explaining
why those who could not speak or write English should be treated akin to those who are
deaf. This would be of import in any equal protection analysis since before one can claim
undue discrimination, he must show himself similarly situated to those against whom he
is comparing himself. Walker v. State, 222 S.W.3d 707, 710-11 (Tex. App.-Houston [14th
Dist.] 2007, pet. ref'd). And, this seems especially so given that an interpreter was present
who could converse with appellant in Spanish and no one claimed otherwise. Simply put,
more analysis was required of appellant than simply to cite various general statutes and
cases and then conclude that the constitution required the two categories of people to be
treated identically. Lawton v. State, 913 S.W.2d 542, 558 (Tex. Crim. App. 1995) (holding
that issues lacking substantive analysis are waived).

 Accordingly, we affirm the judgment of the trial court.


 

 Brian Quinn

 Chief Justice



Do not publish.