NO. 07-07-0086-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 28, 2008
_____

TOMAS RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A-4022-06-01; HON. ROBERT KINKAID, JR., PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Tomas Rodriguez (appellant) appeals his conviction for aggravated sexual assault. Via three issues, he contends that the trial court erred in admitting his written statement into evidence at trial. We affirm.

### Background

Appellant was approached by Tulia police officer Doyle Ozment concerning information involving appellant in an alleged aggravated sexual assault of a child younger

than fourteen years of age. Appellant accompanied Ozment to the Tulia police station with the purpose of giving a statement. It was determined that while appellant could not read and write English very well, Ozment could not read or write Spanish. Thus, officer Emmett Benavidez was brought into the station to interpret for appellant. Benavidez read to appellant in Spanish the Miranda warnings, and appellant indicated that he understood them. After that, appellant gave a statement to Benavidez, who interpreted it into English, wrote it down, and proffered it to appellant for his signature. Appellant placed his initials next to the Miranda warnings appearing on the statement and then signed it. Darla Richardson, a notary public and dispatcher for the Tulia police department, then notarized the statement.

### Issue One - Brady Violation

Appellant initially contends that he was denied due process when the State failed to disclose, prior to trial, appellant's written statement that he signed. The statement purportedly constituted *Brady* material requiring disclosure. We overrule the issue because the objection now made was omitted from the grounds mentioned at trial prior to admission of the document. Because it was so omitted and the trial court was denied opportunity to consider it before ruling upon the appropriateness of the document, the ground was waived. TEX. R. APP. P. 33.1 (requiring a contemporaneous objection); *Martinez v. State*, 91 S.W.3d 331, 335-36 (Tex. Crim. App.2002) (holding that the objection must be made when the error is first perceived).

2

### *Issue Two - Statutory Violation*

Through his second issue, appellant contends that the written statement alluded to in his first issue was actually hearsay and failed to comport with the statutory requirements conditioning the admission of oral statements. We overrule the issue.

As with his *Brady* claim, appellant did not mention this ground or reason purportedly justifying exclusion of the evidence when uttering his objection. Thus, that ground also was waived. As for the purported failure to comply with the prerequisites for admitting an oral statement, we note that the statement was not oral but written and signed by appellant.

### *Third Issue - Denial of an Independent Interpreter*

In his final issue, appellant contends that his due process and equal protection rights were violated when he was not afforded the same rights given a deaf person who makes an inculpatory statement. In other words, because a deaf person is afforded greater protections than a person who simply cannot read or write English, his due process and equal protections rights allegedly were denied him. We overrule the issue.

While appellant did refer, at trial, to the protections afforded a deaf person, he did so as a way of comparison. That is, he sought to liken the situation of a deaf person to that of someone who neither reads nor writes English. But, nowhere in his argument did he say that because a deaf person received more protections than someone who could not read or write English, the latter was denied due process or equal protection. Thus, his constitutional arguments were not preserved.

Nor did appellant endeavor to provide the court with substantive analysis explaining why those who could not speak or write English should be treated akin to those who are

deaf.  This would be of import in any equal protection analysis since before one can claim undue discrimination, he must show himself similarly situated to those against whom he is comparing himself.  *Walker v. State*, 222 S.W.3d 707, 710-11 (Tex. App.–Houston [14th Dist.] 2007, pet. ref'd).  And, this seems especially so given that an interpreter was present who could converse with appellant in Spanish and no one claimed otherwise.  Simply put, more analysis was required of appellant than simply to cite various general statutes and cases and then conclude that the constitution required the two categories of people to be treated identically.  *Lawton v. State,* 913 S.W.2d 542, 558 (Tex. Crim. App. 1995) (holding that issues lacking substantive analysis are waived).

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.

4