Affirmed and Opinion filed February
15, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00750-CR



 

DAVID RAY BARKER, Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the 176th
District Court 

Harris County, Texas

Trial Court Cause No. 1152497



 

OPINION

Pursuant
to a plea bargain, appellant pleaded “guilty” to the offense of failure to comply
with registration requirements of the Texas Sex Offender Registration Program
(“SORP”)[1]
and “true” to an enhancement allegation.  The trial court sentenced appellant
to six-years’ confinement.  In seven issues, appellant contends SORP violates certain
constitutional provisions and his punishment was improperly enhanced.  We
affirm.    

I.  
Background

In 2001,
appellant was convicted twice of indecency with a child by contact.  As
explained below, appellant is required to comply with certain quarterly registration
requirements for life pursuant to SORP.  In February 2008, appellant was
charged with the second-degree felony of failure to comply with registration
requirements.  See Tex. Code Crim. Proc. Ann. art. 62.102(b)(3) (West
2006).  The indictment also contained an enhancement allegation that appellant
was convicted of aggravated assault on January 24, 2001.  If proved, the
enhancement would raise appellant’s punishment range to that of a first-degree
felony.  See Tex. Penal Code Ann. § 12.42(b) (West Supp. 2009).

II.   Preservation of Constitutional Issues

In
issues one through five, appellant contends specific provisions of SORP are
unconstitutional.  In his first and second issues, appellant argues that SORP
violates his equal protection rights under the United States and Texas constitutions,
both on its face (because he is required to register quarterly for life unlike
other sex offenders) and as applied to him (because the “registration
requirements . . . made it impossible [for] him to find consistent employment
and permanent housing,” without which he could not obtain an identification
card necessary to register).[2] 


We
conclude appellant preserved his “facial” equal protection challenge under the
United States Constitution by raising, and receiving an adverse ruling on, the
issue.  See Tex. R. App. P. 33.1.  However, we will not address
appellant’s equal protection challenge under the Texas Constitution because he
does not provide any argument or authority explaining how equal protection
guarantees under the Texas Constitution differ from those under the United
States Constitution.  See Arnold v. State, 873 S.W.2d 27, 33 & n.4
(Tex. Crim. App. 1993).  Thus, we overrule appellant’s second issue.  

Moreover,
we will not address appellant’s “as applied” equal protection arguments.  The
constitutionality of a statute “as applied” to a defendant cannot be
raised in a pretrial motion because resolution of such issue depends upon the
facts of the case—facts that can be found only after all the evidence is
presented at trial.  See Flores v. State, 245 S.W.3d 432, 437 &
n.14 (Tex. Crim. App. 2008); id. at 442–43 & n.3 (Cochran, J.,
concurring); Grant v. State, 313 S.W.3d 443, 450 (Tex.
App.—Waco 2010, no pet.).  Moreover, the Court of Criminal Appeals recently
held that a trial court has no authority to conduct a pretrial evidentiary
hearing to determine an “as applied” challenge.  State ex rel. Lykos v. Fine, ---
S.W.3d ---, Nos. AP-76470, AP-76471, 2011 WL 93011, at *10–11 (Tex. Crim.
App. Jan. 12, 2011) (“Because there is no basis under Texas law to conduct a
pretrial evidentiary hearing to determine the ‘as applied’ constitutionality of
a state penal or criminal procedural statute, we conclude that the trial judge
does not have legal authority to conduct any such pretrial evidentiary hearing
and make any such pretrial declaratory judgment.”).  Thus, we conclude
appellant has not preserved an “as applied” challenge and overrule that portion
of his first issue.

In his
third through fifth issues, appellant argues SORP violates his due process rights
under the United States and Texas constitutions and the Texas Constitution’s
prohibition against outlawry.  Appellant did not preserve these issues by
asserting them below.  See Broxton v. State, 909 S.W.2d 912, 918 (Tex.
Crim. App. 1995) (“[E]ven constitutional errors may be waived by failure to
object at trial.”); Dean v. State, 60 S.W.3d 217, 225–26 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d) (determining appellant did not
preserve argument that SORP violated constitutional prohibition against outlawry).[3] 
Accordingly, we overrule issues three through five.

III.   Equal Protection

            In his first
issue, appellant contends the lifetime registration and notification
requirements of SORP violate his equal protection guarantees.

Under the Fourteenth Amendment, no state “shall deny to any
person within its jurisdiction the equal protection of the laws.”  U.S. Const.
amend. XIV, § 1.  Equal protection
guarantees that “all persons similarly situated should be
treated alike.”  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432,
439 (1985); Sanders v. Palunsky,
36 S.W.3d 222, 224–25 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  Thus,
our initial inquiry when reviewing an equal protection argument is whether the
challenged statute treats similarly-situated persons differently.  See Nonn
v. State, 117 S.W.3d 874, 881–82 (Tex. Crim. App. 2003).  If it does not,
the challenge must fail.  Id. at 882.

Under
SORP, a person convicted of certain sexual offenses, including “a sexually
violent offense,” has a duty to register as a sex offender until death.  See
Tex. Code Crim. Proc. Ann. art. 62.101(a) (West 2006).  “Sexually violent
offense” includes indecency with a child by contact.  Id. art.
62.001(6)(A) (West Supp. 2009).  Thus, appellant has a lifetime duty to
register as a sex offender because of his convictions for indecency with a
child by contact.  Furthermore, he is required to register quarterly until
death because he was twice convicted of a sexually violent offense. Id.
art. 62.058(a) (West 2006).  Subchapter I of SORP provides procedures for a sex
offender to request early termination of his registration requirements.  Id.
arts. 62.401–.408 (West 2006).  A court may grant early termination if the sex
offender establishes he is a low risk for recidivism.  Id. arts.
62.403–.405.  However, appellant is ineligible to request early termination
because he has two sex offense convictions.  Id. art. 62.403(b).[4] 


Accordingly,
appellant must register quarterly for life without the possibility of early
termination because he has been twice convicted of a sexually violent
offense.  There is an obvious difference between the non-sexually violent
offense of indecency with a child by exposure (a third-degree felony not
requiring lifetime registration) and the sexually violent offense of indecency
with a child by contact (a second-degree felony requiring lifetime
registration).  The latter involves conduct beyond exposure because it involves
the offender touching, including through clothing, the child’s anus,
breast, or genitals or the child touching, including through clothing,
the offender’s anus, breast, or genitals.  See Tex. Penal Code Ann. §
21.11(a), (c) (West Supp. 2009).[5] 
There is also a difference between first-time offenders and offenders who have
been convicted twice or more; the latter presents a higher risk for recidivism. 
Accordingly, appellant has not established that he is treated differently than
similarly-situated sex offenders.  Nevertheless, we reject appellant’s equal
protection challenge to SORP even if we assume he established that he has been
subjected to disparate treatment. 

In
addressing constitutional challenges, we begin by presuming the statute is
valid and construe it in favor of the State.  Walker v. State, 222
S.W.3d 707, 710 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d).  The challenger
has the burden of establishing unconstitutionality.  Id.  A statutory
classification is evaluated under strict scrutiny if it interferes with a
fundamental right or discriminates against a suspect class.  Cannady v.
State, 11 S.W.3d 205, 215 (Tex. Crim. App. 2000) (citing Kadrmas v.
Dickinson Public Schools, 487 U.S. 450, 458 (1988); Henderson v. State,
962 S.W.2d 544, 560 (Tex. Crim. App. 1997)).  If a statutory classification
does not interfere with a fundamental right or discriminate against a suspect
class, it need only be rationally related to a legitimate governmental purpose
to survive an equal protection challenge.  Id. (citing Henderson,
962 S.W.2d at 560).

Appellant
contends we should apply the “strict scrutiny” test because SORP creates a
suspect class of individuals, namely, those who must register as sex offenders
for life with no mechanism for determining whether they have been
rehabilitated.  Stated differently, appellant argues that sex offenders who are
required to register for life have no hope of living a normal life outside of
public scorn and, thus, comprise a suspect class.  Appellant cites no authority
supporting this argument.  A federal court of appeals has held, “Convicted sex offenders are not a suspect class.”  Cutshall v.
Sundquist, 193 F.3d 466, 482 (6th Cir. 1999).  Although Cutshall did
not specifically involve a lifetime registration requirement, we
conclude that sex offenders are not a suspect class regardless of the duration
of their registration requirement.  “The United States Supreme Court has found
the basis for finding a suspect class
to be ‘immutable characteristics’ over which a person has
no control: race, gender, and national origin.”  Flores v. State, 904
S.W.2d 129, 130 (Tex. Crim. App. 1995) (citing Frontiero v. Richardson,
411 U.S. 677, 686 (1973) (plurality op.)).  An “immutable characteristic” may
be defined as a characteristic that “bears no relation to ability to perform of
contribute to society.”  Frontiero, 411 U.S. at 686.  In appellant’s
case, the fact that he has twice been convicted of sexually violent offenses does
bear on his ability to perform and contribute to society.  We decline to hold
that appellant is a member of a suspect class because he has a lifetime
registration obligation as a sex offender.  Additionally, reputational damage
caused by having to register as a sex offender does not violate a fundamental
right.  See, e.g., U.S. v. Ambert, 61 F.3d 1202, 1209 (11th
Cir. 2009); Doe v. Tandeske, 361 F.3d 594, 597 (9th Cir. 2004) (per
curiam).  Accordingly, we will determine whether appellant’s classification under
SORP is rationally related to a legitimate governmental purpose.

Those
attacking the rationality of a legislative classification have the burden to
negate every conceivable basis that might support it.  Tarlton v. State,
93 S.W.3d 168, 176 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (citing Anderer
v. State, 47 S.W.3d 60, 66 (Tex. App.—Houston [14th Dist.] 2001, pet.
ref’d)).  We apply a highly deferential standard of review to equal
protection claims of this nature.  Id.  Under this
standard we must be extremely respectful of legislative determinations and will
not invalidate a statute unless distinctions are drawn that simply make no
sense.  Id.  Further, we will uphold a statute as long as it implements
any rational purpose, even if the legislature never considered the purpose when
enacting the statute.  Anderer, 47 S.W.3d at 67 n.4 (citing F.C.C. v.
Beach Comm., Inc., 508 U.S. 307, 315 (1993)).

Protecting
the public from miscreant criminal behavior by known sex offenders is the
legitimate governmental purpose of SORP.  See Ex parte Robinson, 80
S.W.3d 709, 715 (Tex. App.—Houston [1st Dist.] 2002), aff’d by 116
S.W.3d 794 (Tex. Crim. App. 2003).  It is conceivable that the legislature
mandated heightened registration requirements because repeat offenders present higher
risks to society.  Because of an increased threat of recidivism, it is rational
to require repeat offenders to register more frequently and for a longer
duration.  As explained above, it is also rational to differentiate between sexually
violent offenses and non-sexually violent offenses.  Accordingly, we hold that the
quarterly, lifetime registration requirements prescribed under SORP for persons
twice convicted of sexually violent offenses are rationally related to the
legitimate governmental purpose of protecting the public from sex-offense
recidivism.[6] 


In sum,
we reject appellant’s argument that SORP violates the Equal Protection Clause
and overrule his first issue.

III.   Enhancement of Conviction

A.   Whether Records
of Prior Conviction Were Required

            In his sixth
issue, appellant contends the record is insufficient to support enhancement of his
punishment because the judgment from a January 24, 2001 conviction for felony aggravated
assault was not admitted into evidence.  

When a
defendant pleads “true” to an enhancement allegation, the State’s burden of
proof relative to that allegation is satisfied.  See Ford v. State, 243
S.W.3d 112, 117 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).  Appellant
pleaded “true” to the enhancement allegation.  Accordingly, the evidence
supports enhancement of appellant’s offense level for purposes of punishment,
and it was unnecessary for the State to present records regarding the
enhancement offense.  We overrule appellant’s sixth issue.

B.   Whether Enhancement
Was Improper

            In his
seventh and final issue, appellant contends enhancement of his offense was
improper because the aggravated-assault conviction was finalized on the same
day as one of his prior indecency-with-a-child convictions, two days before his
other indecency-with-a-child conviction, and the sentences for all three prior
offenses ran concurrently.

Failure
to comply with quarterly, lifetime registration requirements is a second-degree
felony offense.  See Tex. Code Crim. Proc. Ann. art. 62.102(b)(3). 
Under the Penal Code, “if it is shown on the trial of a second-degree felony
that the defendant has been once before convicted of a felony, on conviction he
shall be punished for a first-degree felony.”  Tex. Penal Code Ann. §
12.42(b).  Thus, the only sequential requirement under section 12.42(b) is that
the defendant was convicted of a felony prior to his conviction of the
second-degree felony.  

            Appellant was
convicted of the felony offenses of indecency with a child on January 21, 2001
and indecency with a child and aggravated assault on January 24, 2001.  He was
sentenced to two-years’ confinement for each indecency-with-a-child conviction
and four-years’ confinement for aggravated assault.  Appellant contends these
sentences ran concurrently.  Appellant’s convictions for indecency with a child
were used as elements of his failure to register offense and, thus, could not be
used again for punishment enhancement.  See Ballard v. State, 149 S.W.3d
693, 696–700 (Tex. App.—Austin 2004, pet. ref’d) (construing former version of
article 62.102); see also Ford v. State, --- S.W.3d ---, No. PD-0440-10,
2011 WL 309668, at *4 (Tex. Crim. App. Feb. 2, 2011) (noting that article
62.102(b) relates to offense enhancement, not punishment enhancement).  Instead,
punishment was enhanced by appellant’s aggravated-assault conviction.  Appellant
has not cited, and we do not find, authority for the proposition that the
aggravated-assault conviction could not be used for enhancement because it
became final on the same day as one of the elemental indecency-with-a-child
convictions or because the sentences for all three prior convictions ran
concurrently.

            Appellant
also argues that section 12.42(b) cannot be used to enhance his punishment
because article 62.102 includes a unique punishment-enhancement section. 
Article 62.102(c) provides that an offender’s punishment level is increased to
the next highest felony if he is found guilty of a failure-to-register offense and
has previously been convicted of a failure-to-register offense.  Tex. Code
Crim. Proc. Ann. art. 62.102(c).  The Court of Criminal Appeals recently agreed
that article 62.102(c) is a punishment-enhancement provision and does not
enhance the offense level of the charged offense.  See Ford, 2011 WL
309668, at *1–4.  However, article 62.102(c) is not implicated in appellant’s
case because his punishment was not enhanced by a prior failure-to-register conviction,
but by his prior aggravated-assault conviction.  Moreover, we reject
appellant’s contention that inclusion of subsection (c) to article 62.102
precludes the application of section 12.42(b) to enhance a defendant’s
punishment for a failure-to-register conviction.  We agree that a prior
failure-to-register conviction could have been used to enhance appellant’s
punishment to a first-degree felony under either article 62.102(c) or section 12.42(b). 
Thus, there is some overlap between these statutes.  However, punishment enhancement
under article 62.102(c) is not merely repetitive of that provided by section 12.42. 
For example, although article 62.102(c) provides for punishment enhancement to
the next highest felony degree when the defendant has one prior
failure-to-register conviction, under certain subsections of section 12.42,
punishment for a failure-to-register conviction may be enhanced only if the defendant
has two prior felony convictions.  Compare Tex. Code Crim. Proc.
Ann. art. 62.102(c), with Tex. Penal Code Ann. § 12.42(a)(1), (2).  Furthermore,
nothing in article 62.102(c) suggests that it is the exclusive provision governing
punishment enhancement for a failure-to-register conviction.  Accordingly, we
reject appellant’s argument that article 62.102(c) precluded the State’s use of
section 12.42(b) to enhance his punishment.  See Reyes v. State, 96
S.W.3d 603, 605 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (rejecting similar
argument concerning former version of article 62.102(c) and expressing “article
62.10(c) [predecessor of article 62.102] provides a very specific exception to
the general enhancement statute, but does not otherwise preclude the
application of section 12.42”).  We conclude that appellant’s offense level for
punishment was properly enhanced from a second-degree felony to a first-degree
felony pursuant to section 12.42(b).  See Tex. Penal Code Ann. §
12.42(b).  Appellant’s seventh issue is overruled.    

            We affirm the
trial court’s judgment.  

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel
consists of Justices Seymore, Boyce, and Christopher.

 

Publish
— Tex. R. App. P. 47.2(b).









[1]
See Tex. Code Crim. Proc. Ann. arts. 62.001–.408 (West 2006 & Supp.
2009).





[2]
We note that the legislature recently added a provision to SORP concerning
registration requirements for registrants who lack a physical address.  See Tex.
Code Crim. Proc. Ann. art. 62.055(i) (West Supp. 2009) (added in 2009 by the
81st Legislature).





[3]
During oral argument, appellant contended that we should consider his due
process and outlawry issues because the trial court did not limit his right to
appeal, but expressly gave permission to appeal all constitutional issues. 
Appellant argued that article V, section 8 of the Texas Constitution affords
district courts unbridled authority to determine which issues may be appealed. 
See Tex. Const. art. V, § 8.  However, this section does not support the
proposition that a trial court has authority to determine an issue may be
appealed even though it was not properly preserved pursuant to Texas Rule of
Appellate Procedure 33.1.  Accordingly, we reject appellant’s argument.  





[4] Under a former version of SORP, a sex offender in
appellant’s situation could petition the court for an “order exempting [him]
from the lifetime registration requirement,” which the court had the discretion
to grant “if it appears by a preponderance of the evidence as presented by not
fewer than two registered sex offender treatment providers and a licensed
psychiatrist that” the offender received treatment, is unlikely to commit
another offense, and “no longer poses a significant threat to the community.”  Act
of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2261. 
However, this provision was repealed in 1999.  Act of May 29, 1999, 76th Leg., R.S.,
ch. 1415, § 25, 1999 Tex. Gen. Laws 4831, 4841.  SORP was amended and
renumbered in 2005.  See Act of May 24, 2005, 79th Leg., R.S., ch. 1008,
§ 1.01, 2005 Tex. Gen. Laws 3385 (current version at Tex. Code Crim. Proc. Ann.
arts. 62.001–.408).     





[5]
However, a person convicted of indecency with a child by exposure has a
lifetime registration requirement when, before or after his conviction, he is
convicted of another offense requiring registration.  See Tex. Code
Crim. Proc. Ann. art. 62.101(3).  This is yet another example of how repeat
offenders are treated equally under SORP.





[6] Appellant cites several studies and articles
supporting the propositions that registration requirements do not reduce sex-offender
recidivism and the great majority of child molestations are committed by
persons who know, and are involved with, the victims.  Based on these sources,
appellant argues SORP does not fulfill its purpose of reducing sex-offender
recidivism but merely makes the community “feel better” at the expense of sex
offenders’ privacy and liberty rights.  Appellant further contends lifetime
registration requirements actually cause recidivism by making it exceptionally
difficult for offenders to re-enter society.  We believe these concerns are
more appropriately addressed to the legislature.  For our purposes, appellant’s
equal protection challenge fails because we can conceive of rational
reasons for the registration requirements.