Ysidro ARISMENDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 63069.

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 13, 1980.

Rehearing Denied April 2, 1980.

Charles J. Manning, Beeville, for appellant.

Marion E. Williams, Jr., County Atty., Beeville, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for assault in which punishment was assessed at six months in jail and a $1,000 fine.

In his third ground of error appellant contends the trial court committed error by failing to submit the issue of guilt or innocence to the jury. This case presents a highly unusual set of circumstances. The judgment recites, and the docket sheet reflects, that appellant waived his right to trial by jury and entered a plea of nolo contendere to the court. The court after hearing evidence then found appellant guilty. Thereafter he was allowed to elect to have punishment assessed by a jury. This procedure was improper, because a guilty or nolo contendere plea proceeding should not be bifurcated. *Thom v. State,* Tex.Cr.App., 563 S.W.2d 618. See also, *Brown v. State,* Tex.Cr.App., 487 S.W.2d 86, at footnote 2, and *Thomas v. State,* Tex.Cr.App., 477 S.W.2d 881.

The facts in this case are the converse of those presented in *Rojas v. State,* Tex.Cr.App., 404 S.W.2d 30. In that case the defendant entered a plea of guilty and was found guilty by a jury, but the trial court instead of submitting the punishment issue to the jury, discharged the jury and assessed punishment itself. It was held that Art. 26.14,[1] V.A.C.C.P., not Art. 37.07, V.A.C.C.P., controlled the proceedings in the guilty plea to a felony, and that absent a waiver punishment must be assessed by the jury.

---

1. "Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles

# 536

In this misdemeanor case there was a waiver of the right to trial by jury. Therefore, punishment should have been assessed by the court, Art. 27.14(a),[2] V.A.C.C.P., and this should have been done without bifurcation from trial of the issue of guilt. *Thom v. State,* supra.

Since we hold that the trial court should have assessed punishment, and that the error arose by submission of the punishment issue to the jury, it will be sufficient on appeal to set aside the jury's verdict and remand the case for assessment of punishment by the court. See, *Bullard v. State,* Tex.Cr.App., 533 S.W.2d 812, 816.

Appellant's other two grounds of error concern the matter of submission of probation to the jury and are therefore moot.

For the error discussed, the punishment assessed is set aside and the cause is remanded for reassessment of punishment by the court.

1.13 or 37.07 shall have waived his right to trial by jury."

2. "A plea of 'guilty' or a plea of 'nolo contendere' in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may

be assessed by the court either upon or without evidence, at the discretion of the court."