

# NUMBER 13-15-00316-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE THE STATE OF TEXAS EX REL. STEPHEN B. TYLER

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus, relator, the State of Texas ex rel. Stephen B. Tyler, contends that the trial court erred in convening a sentencing hearing before the bench because the State had not waived its right to a jury trial. We agree with the State and conditionally grant mandamus relief in this case and in three companion cases decided this same date. *See In re State of Tex. ex rel. Stephen B. Tyler*, No. 13-15-00317-CR, 2015 WL ___ (Tex. App.—Corpus Christi Oct. 30, 2015, orig. proceeding)

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.  When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

(mem. op., not designated for publication); *In re State of Tex. ex rel. Stephen B. Tyler*, No. 13-15-00323-CR, 2015 WL ___ (Tex. App.—Corpus Christi Oct.30, 2015, orig. proceeding) (mem. op., not designated for publication); *In re State of Tex. ex rel. Stephen B. Tyler*, No. 13-15-00339-CR, 2015 WL ___ (Tex. App.—Corpus Christi Oct. 30, 2015, orig. proceeding) (mem. op., not designated for publication).

## I. BACKGROUND

The real party in interest, Javier Lopez Jr., was charged by information in trial court cause number 2-103625 with the offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 2015 R.S.). The case was set for a jury trial; however, Lopez pleaded guilty before the trial court, the Honorable Daniel F. Gilliam, Judge of the County Court at Law No. Two of Victoria County, Texas, the respondent herein. At the proceeding in the trial court, Lopez's counsel stated that while he understood "that there is case law that says that the state demand that it go to the jury," it was Lopez's "preference" to have the trial court consider punishment. The prosecutor for the State, Barbara Agbu, informed the trial court that the State "would like to exercise its right to a jury trial." The respondent, counsel for Lopez, and the prosecutor thereafter discussed whether or not the State could demand a jury trial in these circumstances and the ramifications of such a procedure. The State objected to continuing without a jury and requested that the respondent stay further trial court proceedings. The respondent denied that request, accepted Lopez's guilty plea, and set the sentencing hearing to proceed before the bench.

This original proceeding ensued. The State filed an amended petition for writ of mandamus and motion for emergency relief. This Court granted emergency relief, stayed

2

the sentencing hearing, and requested that Lopez, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.8(b).

Lopez filed a response to the petition for writ of mandamus through which he contends that: (1) he may change his plea to "not guilty" and elect to have the trial court sentence him; (2) *In re State ex rel. O'Connell*, 976 S.W.2d 902 (Tex. App.—Dallas 1998, orig. proceeding) has misconstrued the law and should be criticized or distinguished; and (3) the State's actions violate Lopez's rights to equal protection under the law. Lopez further specifically contends that the principles of statutory construction compel the conclusion that he can waive a jury trial without the State's consent.

The respondent filed extensive findings of fact and conclusions of law that provide as follows:

> On the 14th day of July, 2015, this Court, prior to the [empaneling] of a jury for trial of this cause, accepted the Defendant's plea of guilty to the offense of driving while intoxicated as alleged in the information. The Court found the Defendant guilty of said offense and proceeded forward with a hearing before the Court for the Court to consider punishment of the Defendant. The enhancement paragraph of the information was read and the Defendant pled true to a prior conviction for driving while intoxicated as alleged. The State proceeded forward with the presentment of evidence for the Court to consider on punishment. The Court, upon notification by the Honorable Thirteenth Court of Appeals, STAYED any further trial proceedings in compliance with the order of said Court. The State appeared by and through the Assistant Criminal District Attorney, Barbara Agbu. The Defendant appeared in person and through defense counsel, James Beeler. The Court now makes and files the following Findings of Fact and Conclusions of Law:

> **FINDINGS OF FACT**

> 1. The Criminal District Attorney maintains an office policy wherein all misdemeanor driving while intoxicated offenses are to be tried before a jury.

2. The State did not consent to the Defendant's plea of guilty to that alleged offense of driving while intoxicated in this cause.

3. This Court currently has 108 cases set for jury trial, of which 75 cases [are] alleged as driving while intoxicated offenses. These trial settings go through March 2016. Of these 75 cases, 23 defendants are represented by court appointed counsel. The trial docket is so crowded that District Judges are assisting with this Court's jury trials.

4. Similarly situated, County Court at Law #1, which is the only other County Court at Law in Victoria County, has 117 cases set for jury trial of which 77 cases are alleged driving while intoxicated offenses. Of these 77 cases, 24 defendants have court appointed counsel. Between both courts, there are currently 152 driving while intoxicated cases set for trial.

5. The trial of all misdemeanor driving while intoxicated offenses to a jury represents a substantial and unjustifiable expense to the taxpayers of Victoria County.

6. In four cases alone tried before this Court earlier this year, the cost exceeded $10,000. This cost included fees for court appointed attorneys, and fees for interpreters in two of the cases. This amount did not include the cost of the services of the jury or take into account their time in these cases. The usual costs for such cases, if resolved by a plea of guilty or nolo [contendere] to the Court, would have been $200 for each case. The fees for the interpreters probably would have been less than $200. Approximating the usual cost at $1,000 for the four cases, the costs of these cases with the jury trials were ten (10) times the amount for which they could have been resolved. After trial, all four of these Defendants indicated that they would have entered a plea of guilty if allowed to do so by the State.

7. The trial of this case before a jury to determine guilt of the Defendant would have been under false pretenses and nothing more than a sham and a display of pageantry by the State to confirm what the Defendant was already willing to admit—a plea of guilty.

8. The results of the State unreasonably withholding consent to the Defendant's plea of guilty in this case and other cases is to "wreck" the trial court's docket by piling up cases for trial, and to interfere with the orderly administration of justice.

9. Another result is that the State is able to deprive Defendants of the right to a speedy trial and related rights guaranteed under the

4

Constitutions of the United States and the State of Texas, including the right to plead guilty to the alleged offense.

10. The most unexplainable and perplexing result is the State is seeking a reversal of the finding of guilt for the very offense for which they seek to prosecute and prove against the Defendant. This result makes no plausible sense.

## CONCLUSIONS OF LAW

1. Article 27.14(a) of the Texas Code of Criminal Procedure states as follows: "A plea of "guilty" or a plea of "nolo contendere" in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court." [TEX. CODE CRIM. PROC. ANN. art. 27.14 (a) (West, Westlaw through 2015 R.S.)]. This is the Court's authority to allow Defendant to waive a jury (without consent of the State) and proceed with punishment to be assessed by the Court.

2. Article 1.13(a) [TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West, Westlaw through 2015 R.S.)] cited by the State requiring the consent of the attorney representing the State to the Defendant's plea of guilty is in direct conflict with Article 27.14(a) stated above and does not apply to misdemeanor offenses. Article 1.13(a) states in the pertinent part that ". . . to waive the right of trial by jury . . . the waiver must be made in person by the defendant in writing in open court . . . ." (underline added for emphasis). Article 27.14(a) states in the pertinent part that ". . . the defendant or his counsel may waive a jury . . . ." (underline added for emphasis). These statutes are in direct and clear conflict since Article 27.14(a) indicates that the waiver may be made by counsel in a misdemeanor case, and Article 1.13(a) requires such waiver to be made in person.

3. This Court construed the more detailed statute being Article 27.14(a) to be the controlling statute since it specifically indicates that it applies to misdemeanor cases. [TEX. GOV'T CODE ANN. § 311.026(b) (West, Westlaw through 2015 R.S.)]. Furthermore, nothing in the legislative history of Article 1.13(a) indicates that it was applicable to misdemeanor offenses. *State of Texas ex. rel. Tim Curry*, 847 S. W. 2d. 561, 566 (Tex. Crim. App. 1992). To construe the statutes otherwise would render Article 27.14(a) entitled "Plea of Guilty or Nolo [Contendere] in Misdemeanor" to be meaningless.

5

4. If the Defendant pled "not guilty" and after a jury trial on guilt was found by a jury to be guilty, the Defendant had the right to go to the Court for punishment. Whether the Court moved forward on a plea of "guilty" or "not guilty," the State winds up in the same place of being able to present evidence on punishment to the Court. [TEX. CODE CRIM. PROC. ANN. art. 37.072(b) (West, Westlaw through 2015 R.S.)]. There is no harm to the State.

5. Statutes are not to be construed to produce absurd results. The absurd result is that the Court would have a jury empaneled for no useful purpose. [*In re State ex. rel. O'Connell*, 976 S.W.2d 902, 909 (Tex. App.—Dallas 1998, orig. proceeding) (citing *Brown v. State,* 943 S.W.2d 35, 36 (Tex. Crim. App. 1997))]. The issue of guilt has already been determined by the Defendant's plea of guilty.

6. The State does not have a "Constitutional Right" as argued to a jury trial. The State did not cite any [c]onstitutional basis for such a right, and the Court finds no references for any such basis. The Constitution of the United States and the State of Texas are to protect individuals from the overreaching of the government such as in this case presently before the Court.

7. Judicial economy and a responsible use of resources are compelling reasons for this Court to accept Defendant's plea of guilty and to be able to effectively control its docket. The control of the business of the Court is vested in the sound discretion of the trial judge. *Wheatfall v. State*, 882 S.W.2d 829 (Tex. Crim. App. 1994).

R. Robert Willmann Jr. subsequently provided this Court with an amicus curiae brief in support of Lopez's alleged right to waive a jury without the State's consent. *See* TEX. R. APP. P. 11.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A remedy at law, though it

6

technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of Apps. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

In criminal proceedings, the State has a limited right to appeal, which does not include the right to appeal the trial court's decision to waive a jury trial without the State's consent. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (West, Westlaw through 2015 R.S.) (listing the orders that the State is entitled to appeal in criminal cases); *State v. Redus*, 445 S.W.3d 151, 153 (Tex. Crim. App. 2014) (examining the State's statutory right to appeal in criminal cases). Therefore, if the State challenges a defendant's jury waiver and contends that the Court failed to perform the ministerial duty of impaneling a jury, mandamus is the proper vehicle with which to seek relief. *In re State ex rel. Tharp*, 393 S.W.3d 751, 752 (Tex. Crim. App. 2012) (orig. proceeding); *State ex. rel. Turner v. McDonald*, 676 S.W.2d 371, 374 (Tex. Crim. App. 1984) (orig. proceeding) (en banc); *State ex. rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim. App. 1992) (orig. proceeding) (en banc) (per curiam); *see also In re Roach*, No. 05-09-01451-CV, 2010 WL

7

537751, at *1 (Tex. App.—Dallas Feb. 17, 2010, orig. proceeding) (mem. op.) (conditionally granting mandamus relief when the trial court allowed the defendant to plead guilty and waive a jury trial without the State's consent). Accordingly, we proceed with our review regarding the merits of this original proceeding.

### III. APPLICABLE LAW

By one issue, the State contends that the respondent committed error when he convened a sentencing hearing before the trial court when the State had not signed a written waiver of its right to trial before a jury. Lopez, the respondent, and the amicus assert that Lopez does not need the State's consent to plead guilty, waive a jury, and have the respondent perform sentencing.

The issue before us is whether a defendant in a misdemeanor case may unilaterally waive a jury and plead guilty before the court without the State's consent and approval. The Dallas Court of Appeals and other courts have concluded that under article 1.13(a), a misdemeanor defendant may not waive a jury without the State's consent and approval, even when the defendant pleads guilty. *See In re State ex rel. O'Connell*, 976 S.W.2d at 905; *State v. Fisher*, 212 S.W.3d 378, 381 (Tex. App.—Austin 2006, pet. ref'd) (holding that the trial court lacked authority to adjudicate the defendant's guilt in a misdemeanor case because State did not agree to the defendant's jury waiver); *see also In re Escamilla*, No. 03-12-00341-CV, 2012 WL 2989170, at *1 (Tex. App.—Austin Jul. 10, 2012, orig. proceeding) (mem. op.) (conditionally granting mandamus relief in favor of the district attorney where the trial court erred in proceeding to accept a guilty plea in a bench trial without the State's consent to a jury waiver); *In re Watkins*, No. 05-11-01067-CV, 2011 WL 3570520, at *1 (Tex. App.—Dallas Aug. 16, 2011, orig. proceeding)

8

(concluding that the trial court erred in acting as the fact-finder in a driving while intoxicated case when the State did not consent to a jury waiver, but denying mandamus relief on grounds that the State had the right to appeal the defendant's order of acquittal); *McCutchen v. State*, No. 04-09-00350-CR, 2010 WL 3699987, at *6 (Tex. App.—San Antonio Sept. 22, 2010, pet. ref'd) (mem. op., not designated for publication) (concluding that the trial court did not err in allowing the State to refuse to waive a jury trial where the appellant argued that the State was insisting on a jury trial for an "ignoble and unreasonable purpose"); *cf. In re Watkins*, 390 S.W.3d 583, 584 (Tex. App.—Dallas 2012, orig. proceeding) ("The Texas Code of Criminal Procedure . . . clearly states that a defendant can only waive his right to a trial by jury if the State consents and approves.").

In a case similar to the one before this Court, the Texas Court of Criminal Appeals considered an original proceeding brought by the District Attorney of Tarrant County seeking a writ of mandamus directing the trial court to empanel a jury and to prohibit the entry of a judgment. *State ex rel. Curry*, 847 S.W.2d at 561. The defendant in that case stated that she wished to waive a trial by jury. *Id.* Relying on article 1.13, the State refused to consent to the defendant's jury waiver. *Id.* The trial court denied the State's request that the matter be set for a jury trial. *Id.* at 561–62. The court of criminal appeals held that the trial court "does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the State as prescribed by [article 1.13(a)] to the accused's waiver of [a] jury trial." *Id.* at 562. Specifically, the court held that under the circumstances presented, the trial court had a "ministerial duty to conduct a jury trial." *Id.* In so holding, the court of criminal appeals relied on its previous analysis in *State ex rel. Turner v. McDonald*, 676 S.W.2d 371, in which it held that a

district court did not have the discretion to serve as a factfinder in a felony case absent the State's consent to the defendant's jury waiver. *Id.* at 374; *see also In re State ex rel. Tharp*, 393 S.W.3d at 752 (conditionally granting mandamus relief in favor of the State requiring the trial court "to submit the entire case—both guilt and punishment—to the jury after the defendant plead guilty" to a felony offense); *In re Roach*, 2010 WL 537751, at **2–3 (conditionally granting mandamus relief in favor of the district attorney in a felony case where the trial court erred by accepting a guilty plea when the State did not consent to the waiver of a jury trial).

Accordingly, the trial court has a ministerial duty to empanel a jury when the State refuses to consent to the defendant's jury waiver. In such a case, where the defendant pleads guilty and the trial court accepts the plea, but the jury has not or cannot be waived, the proper procedure is for the trial court to direct a verdict of guilt and proceed with punishment. *Morin v. State*, 682 S.W.2d 265, 269 (Tex. Crim. App. 1983); *see also In re State ex rel. Tharp*, 393 S.W.3d at 758–59 (stating that when the defendant pleads guilty and the State refuses to join the defendant's waiver of a jury trial, the trial court must submit all relevant issues, including punishment, to the jury).

## IV. CONFLICTING STATUTORY PROVISIONS

Lopez and the respondent contend that articles 27.14 and 1.13 of the Texas Code of Criminal Procedure are in irreconcilable conflict, that article 27.14 is narrower in scope than article 1.13, and thus article 27.14 controls our analysis of the situation before the Court. According to Lopez and the respondent, article 27.14 does not require the State to consent to the defendant's jury waiver in a misdemeanor case. The amicus brief similarly argues that principles of statutory construction indicate that the State lacks the

10

ability to refuse consent to a defendant's jury waiver.[2]  The analysis in this case concerns the interaction between article 1.13, entitled "waiver of trial by jury," and article 27.14, entitled "plea of guilty or nolo contendere in misdemeanor."  Article 1.13 provides in relevant part:

> (a)  The defendant in a criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by Article 27.19,[3] the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state.  The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the state shall be in writing, signed by that attorney, and filed in the papers of the cause before the defendant enters the defendant's plea.
>
> . . . .
>
> (c)  A defendant may agree to waive a jury trial regardless of whether the defendant is represented by an attorney at the time of making the waiver, but before a defendant charged with a felony who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.

TEX. CODE CRIM. PROC. ANN. art. 1.13.  Thus, a defendant in any case other than a capital felony case involving the death penalty can waive a trial by jury if the waiver is made with the "consent and approval of the court, and the attorney representing the state."  *Id.* art.

---

[2] The amicus brief contends that:  articles 27.14 and 1.13 conflict and article 27.14, as the more specific statutory provision controls, and that article does not require the State's consent to a defendant's jury waiver; the State has no constitutional right to a jury trial; the defendant's failure to elect a jury in this case indicates that the trial court may assess punishment under article 27.02; article 37.07 requires the judge to assess the sentence upon a finding of guilty after a plea of not guilty; and article 42.12 does not require the consent of the State prior to the judge placing the defendant on probation after conviction on a plea of guilty or a plea of nolo contendere.  *See generally* TEX. CODE CRIM. PROC. ANN. arts. 1.13, 27.02, 27.14, 37.07, 42.12 (West, Westlaw through 2015 R.S.).

[3] Article 27.19 of the Texas Code of Criminal Procedure provides the requirements for accepting pleas from persons confined in a penal institution.  *See id.* art. 27.19 (West, Westlaw through 2015 R.S.).

1.13(a); *see, e.g., Ex parte Garza*, 337 S.W.3d 903, 912 (Tex. Crim. App. 2011) (holding that a trial court erred in declaring a mistrial in a misdemeanor case over the defendant's objection when "the defendant waives his right to trial by a complete jury under Article 1.14, and the State and the trial court are willing to consent to do so under Article 1.13(a)"). In contrast, article 27.14, which concerns pleas of guilty or nolo contendere in misdemeanor cases, provides in section (a) that:

> A plea of "guilty" or a plea of "nolo contendere" in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court.

TEX. CODE CRIM. PROC. ANN. art. 27.14.

When interpreting statutes, a court must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Garcia v. State*, 387 S.W.3d 20, 22–23 (Tex. Crim. App. 2012) (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). Toward that end, a court must focus its "attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *Boykin*, 818 S.W.2d at 785. However, when the application of a statute's plain language would lead to absurd consequences, or when the language is not plain but rather ambiguous, a court may consider extra-textual factors such as the legislative history of the statute. *Garcia*, 387 S.W.3d at 22–23; *Boykin*, 818 S.W.2d at 785–86. In this context, ambiguity exists when a statute may be understood by reasonably well-informed persons in two or more different senses; conversely, a statute is unambiguous when it permits only one reasonable understanding. *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012). Except under unusual circumstances, it is

12

best to effectuate the legislative intent evidenced by the plain language of statutes. *Garcia v. State*, 829 S.W.2d 796, 799–800 (Tex. Crim. App. 1992); *Camacho v. State*, 765 S.W.2d 431, 433 (Tex. Crim. App. 1989); *see also Patterson v. State*, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989). Otherwise, courts risk invading the legislature's province by reading into the law that which is clearly not there. *Ex Parte Halsted*, 182 S.W.2d 479, 482 (Tex. Crim. App. 1944).

When two statutes address the same general subject, they are considered as being *in pari materia*. *See State v. Vasilas*, 253 S.W.3d 268, 271 (Tex. Crim. App. 2008); *Dixon v. State*, 455 S.W.3d 669, 679 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). When two statutes are *in pari materia*, the doctrine requires that the statutes be read and construed together, each enactment in reference to the other, as though they were parts of one and the same law. *Jones v. State*, 396 S.W.3d 558, 561–62 (Tex. Crim. App. 2013); *Azeez v. State*, 248 S.W.3d 182, 192 (Tex. Crim. App. 2008); *see Peraza v. State*, PD-0100-15, __ S.W.3d __, __, 2015 WL 3988926, at *9 (Tex. Crim. App. July 1, 2015). When one statute deals with a subject in comprehensive terms, and another deals with a portion of the same subject in a more definite way, the specific rule prevails over the more general provision, absent contrary legislative intent. *Azeez*, 248 S.W.3d at 192; *see also* TEX. GOV'T CODE ANN. § 311.026(b) (West, Westlaw through 2015 R.S.) ("If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision . . . .").

It is our duty to harmonize all of the statutory provisions and give full effect to each if it is possible to do so under the established rules of statutory construction. *Postell v. State*, 693 S.W.2d 462, 464 (Tex. Crim. App. 1985) (en banc); *Cuellar v. State*, 521

13

S.W.2d 277, 279 (Tex. Crim. App. 1975). Focusing on the literal text of article 26.14 and article 1.13, article 26.14 governs pleas of guilty or nolo contendere in misdemeanor cases and article 1.13 governs the waiver of jury trials. Construing the articles together, we see no conflict between these articles. Article 1.13(a) sets out the specific and required procedure for waiving a jury trial and clearly requires the State's consent and approval to validate a defendant's jury waiver. Nothing in article 27.14(a) is to the contrary. Article 27.14 is not rendered meaningless by this interpretation because it instead delineates the procedure for making pleas of guilty or nolo contendere in misdemeanor cases—that is, such pleas may be made either by the defendant or counsel.

Moreover, as acknowledged by the parties, the Dallas Court of Appeals has considered this same argument and rejected it. *In re State ex rel. O'Connell*, 976 S.W.2d 902. In a thorough and lengthy analysis, the court considered the plain language of these two articles, parsed the words and phrases therein, analyzed these articles' interaction with article 27.13, reviewed the history of Texas jurisprudence regarding jury waivers, and contemplated the application of the rule of *in pari materia*. *See id.* at 905–08. The Dallas Court of Appeals concluded that articles 1.13 and 27.14 did not conflict and article 1.13 requires the State's consent to a defendant's jury waiver in a misdemeanor case. *See id.*

Based upon our analysis, we agree with the Dallas Court of Appeals and conclude that the code of criminal procedure provisions can be harmonized, and we reject arguments otherwise. *See id.*

### V. LEGISLATIVE INTENT

14

The respondent contends that "nothing in the legislative history of article 1.13 indicates that it was applicable to misdemeanor offenses." As an initial matter, we note that we do not typically resort to extra-textual factors such as legislative history unless application of a statute's plain language would lead to absurd consequences, or when the language is not plain but rather ambiguous. *Garcia*, 387 S.W.3d at 22–23; *Boykin*, 818 S.W.2d at 785–86. Accordingly, our holding in this case is not dependent on the legislative history of article 1.13. However, even if we were to consider the legislative history of article 1.13 in analyzing its application to misdemeanor offenses, we would conclude that the legislative history does not indicate that article 1.13 applies only to felony pleas.

Article 1.13 was amended in 1991. *See* Act of May 27, 1991 (H.B.9), 72nd Leg. R.S., ch. 652, 1991 TEX. GEN. LAWS 2394. The caption to House Bill 9 reads: "[a]n act relating to the waiver of jury trial for a person charged with a capital offense and to the punishment, sentencing and availability of parole for a person convicted of a capital offense." *Id.* An examination of House Bill 9 shows thirteen amendments to the Texas Penal Code and Texas Code of Criminal Procedure, all concerning capital felony prosecutions, and section 15(a) of House Bill 9 states that the amendments to articles 1.13 apply "to the trial of a capital offense that commences on or after the effective date of the act." *Id.* The respondent thus urges that the history of the amendments to 1.13 indicates that it was not intended to apply to any cases other than capital felonies.

As stated previously, in 1992, the Texas Court of Criminal Appeals held that the trial court "does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the State as prescribed by Art.

15

1.13(a), supra, to the accused's waiver of jury trial," and instead "has a ministerial duty to conduct a jury trial." *State ex rel. Curry*, 847 S.W.2d at 562. The court so held despite a sharp dissenting opinion reviewing the legislative history of article 1.13 and the rules of statutory construction. *See id.* at 562–63 (Miller, J., dissenting) ("My research reveals that the legislature never intended to give the State the power to force a jury trial in a misdemeanor case when it amended Article 1.13(a)."). Accordingly, in view of the court of criminal appeals' handling of the legislative history of article 1.13, we conclude that the legislative history of article 1.13 does not indicate that misdemeanor offenses were intended to be excluded from the scope of that article. *See id.; Chaouachi v. State*, 870 S.W.2d 88, 93 (Tex. App.—San Antonio 1993, no pet.) (analyzing the dissent in *State ex rel. Curry v. Carr* and determining that the legislative history of article 1.13 did not indicate that it was intended to apply only to felony offenses).

## VI. CHANGE OF PLEA

In support of his argument that he is entitled to waive a jury trial without the consent of the State, Lopez asserts that he may change his plea to not guilty and elect to have the trial court handle sentencing. That is not the case presented to this court, and we decline to address such a hypothetical assertion. *See In re Kuster*, 363 S.W.3d 287, 290–91 (Tex. App.—Amarillo 2012, orig. proceeding) ("[T]o the extent that [relator's] petition seeks mandamus relief based upon events that have not yet occurred and remain merely hypothetical, we conclude that we are without jurisdiction to render advisory opinions on factual situations that may or may not arise in the future."); *Jones v. Westergren*, 771 S.W.2d 669, 671 (Tex. App.—Corpus Christi 1989, orig. proceeding) ("A court has no jurisdiction to render an opinion on a controversy that is not yet ripe."); *see also In re*

*Stormer*, No. WR–66, 865–01, 2007 WL 1783853, at \*\*1–2 (Tex. Crim. App. June 20, 2007) (orig. proceeding) (per curiam) (not designated for publication) ("[S]peculation is not proper in a petition for writ of mandamus."). In short, this Court is prohibited from issuing advisory opinions in our mandamus authority or otherwise. *See* TEX. CONST. art. V, § 6; *Garrett v. State*, 749 S.W.2d 784, 803 (Tex. Crim. App. 1988) (op. on reh'g) (plurality opinion); *Perez v. State*, 938 S.W.2d 761, 764 (Tex. App.—Austin 1997, pet. ref'd); *see also In re State*, No. 13-10-00264-CR, 2010 WL 2011521, at \*4 (Tex. App.— Corpus Christi May 17, 2010, orig. proceeding) (mem. op., not designated for publication).

## VII. RATIONAL BASIS

Lopez asserts that he should be granted equal protection under the law and there is no rational basis for the State's policy precluding plea bargains in DUI cases. Lopez specifically asserts the "community interest" basis for the State's policy of demanding jury trials in driving while intoxicated cases is invalid. In support of his argument, Lopez cites several cases illustrating that appeals to the community have been disapproved as improper jury argument. *See, e.g., Cortez v. State*, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984) ("[J]ury argument by a prosecuting attorney that is designed to induce the jury to convict the defendant or assess him a particular punishment because 'the people' desire such is improper jury argument."); *Cox v. State*, 247 S.W.2d 262 (Tex. Crim. App. 1952) ("The people of De Soto are asking the jury to convict this defendant."); *Porter v. State*, 226 S.W.2d 435 (Tex. Crim. App. 1950). In this regard, a prosecutorial argument is improper if it induces the jury to reach a particular verdict based on the demands, desires, or expectations of the community. *See Cortez*, 683 S.W.2d 419.

17

The Equal Protection Clause of the Fourteenth Amendment requires that "all persons similarly situated shall be treated alike" under the law. *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013); *Wood v. State*, 18 S.W.3d 642, 651 (Tex. Crim. App. 2000). Equal protection is implicated if a classification interferes with a fundamental right or burdens a suspect class. *Clark v. State*, 665 S.W.2d 476, 480–81 (Tex. Crim. App. 1984); *State v. McNutt*, 405 S.W.3d 156, 161–62 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). If no fundamental rights or suspect classifications are involved, the challenged government action does not violate equal protection "so long as unequal treatment of persons is based upon a reasonable and substantial classification of persons." *Vasquez v. State*, 739 S.W.2d 37, 43 (Tex. Crim. App. 1987); *see McNutt*, 405 S.W.3d at 161. In other words, the classification will not be set aside if it is rationally related to a legitimate state interest. *Clark*, 665 S.W.2d at 481; *McNutt*, 405 S.W.3d at 162. Additionally, equal protection does not require things that are "different in fact [to] be treated in law as though they were the same." *Downs v. State*, 244 S.W.3d 511, 518 (Tex. App.—Fort Worth 2007, pet. ref'd).

In determining whether the legislature had a rational basis for its actions, we must uphold the law if we can conceive of any rational basis for the legislature's action. *Kiss v. State*, 316 S.W.3d 665, 669 (Tex. App.—Dallas 2009, pet. ref'd); *Smith v. State*, 149 S.W.3d 667, 671 (Tex. App.—Austin 2004, pet. ref'd). Thus, those attacking the rationality of a legislative classification have the burden to negate every conceivable basis that might support it. *Walker v. State*, 222 S.W.3d 707, 710–11 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd); *Tarlton v. State*, 93 S.W.3d 168, 176 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). We apply a highly deferential standard of review to equal

18

protection claims of this nature. *Walker*, 222 S.W.3d at 710–11; *Tarlton*, 93 S.W.3d at 176. This standard is extremely respectful of legislative determinations and essentially means a court will not invalidate a statute unless the statute draws distinctions that simply make no sense. *Walker*, 222 S.W.3d at 710–11; *Tarlton*, 93 S.W.3d at 176.

The code of criminal procedure mandates that "[i]t shall be the primary duty of all prosecuting attorneys . . . not to convict, but to see that justice is done." *See* TEX. CODE CRIM. PROC. ANN. art. 2.01 (West, Westlaw through 2015 R.S.). Thus, as recognized by our court of criminal appeals, "the State has legitimate interests, representing the collective citizenry as it does, in the method of trial of criminal accusations," and therefore, "if the prosecutor believes that it is essential to the interest of doing justice that a particular accused be tried by a fair and impartial jury of his peers, our [l]egislature has provided the means for vindicating that interest, and we hold nothing in our constitution is contravened thereby." *State ex rel. Turner*, 676 S.W.2d at 373–74. The "means" referenced by the court of criminal appeals in *Turner* was an earlier version of article 1.13. *Id.*; *see Woodall v. State*, 126 S.W.591, 593 (Tex. Crim. App. 1910) (construing a predecessor statute on jury waiver as operating to the benefit of both the defendant and the state and stating that the statute "is more especially designed to protect the interest of the state, by preventing aggravated cases of crime being compromised by the assessment of the minimum punishment").

Based on the foregoing, we conclude that article 1.13 bears a rational relationship to the State's legitimate interest in the method of trial for criminal accusations. Accordingly, we reject Lopez's argument that requiring the State's consent to a jury waiver lacks a rational basis and violates his rights to equal protection.

19

## VIII. CONSTITUTIONAL RIGHTS

Lopez contends that the State has no constitutional right to a jury trial. The respondent further contends that allowing the State to demand a jury trial deprives Lopez of his right to a speedy trial and effectively deprives him of his right to plead guilty.

A criminal defendant has the right to a trial by jury. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district . . . ."); TEX. CONST. art. I, § 15 ("The right of trial by jury shall remain inviolate. The [l]egislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."); TEX. CODE CRIM. PROC. ANN. art. 1.12 (West, Westlaw through 2015 R.S.) ("The right of trial by jury shall remain inviolate."); *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009) ("A defendant has an absolute right to a jury trial."). Subject to the conditions of the Texas Code of Criminal Procedure, a criminal defendant also has the right to waive a jury trial. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West, Westlaw through 2015 R.S.) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law except that a defendant in a capital felony case may waive the right of trial by jury only in the manner permitted by Article 1.13(b) of this code."). Further, when a criminal defendant pleads guilty, he waives several constitutional rights, such as the right to a trial by jury. *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013); *Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 88 (Tex. App.—Houston [1st Dist.] 2014, no pet.). In contrast, the State "technically" has no "right" to trial by jury, and due process and due course of law are guarantees applicable to citizens and not governments or their agents. *State ex rel. Turner*, 676 S.W.2d at 373–74.

To the extent that Lopez and respondent contend that forcing individuals to a jury trial infringes on their constitutional rights, this issue has been determined as a question of federal constitutional law in *Singer v. United States*, 380 U.S. 24 (1965). The court there reasoned:

> In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bold proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

*Id.* at 36. Quoting and following *Singer*, our highest criminal court in Texas has concluded that article 1.13 is not unconstitutional on grounds that it grants the State a "right" to a jury trial. *See State ex rel. Turner*, 676 S.W.2d at 374. Specifically, there is no violation of the due process or due course of law provisions of the federal or state constitutions in applying the provisions of article 1.13 to require the State's consent to a jury waiver. *See id.* Accordingly, there is no constitutional impediment to conditioning a defendant's ability to waive trial by jury on the State's consent. *See id.*

### IX. SHAM AND FRAUD

The respondent contends that requiring the State's consent to a jury waiver results in requiring a jury to be empaneled "for no useful purpose" because the issue of guilt has already been determined by Lopez's guilty plea. The respondent also argues that there is no harm to the State in proceeding with sentencing before the bench because the "State

21

winds up in the same place of being able to present evidence on punishment to the Court." Thus, the respondent argues that these proceedings are nothing more than a "sham" and a "display of pageantry by the State."

However, as stated previously, the State has "legitimate interests, representing the collective citizenry as it does, in the method of trial of criminal accusations." *State ex rel. Turner*, 676 S.W.2d at 373. In short, the State has determined that the matter of punishment in this case should be presented to the jury rather than to the bench. Under existing law, the State can compel a jury trial by withholding consent and approval upon the belief that justice is done by requiring the accused to be tried by a fair and impartial jury of his peers. *See id.*; *Watson v. State*, 730 S.W.2d 150, 152 (Tex. App.—Amarillo 1987, pet. ref'd).

## X. Unitary and Bifurcated Proceedings

Based upon the colloquy between Lopez, the prosecutor, and the respondent at the hearing wherein the respondent accepted Lopez's plea of guilty, the respondent felt that it was precluded from allowing the jury to assess punishment by *Arismendez v. State*, 595 S.W.2d 535 (Tex. Crim. App. 1980). In *Arismendez*, the defendant waived his right to trial by jury and entered a plea of nolo contendere to the court. *Id.* at 535. After hearing evidence, the trial court found the defendant guilty and allowed the defendant to elect to have punishment assessed by a jury. *Id.* The court of criminal appeals concluded that this procedure was improper because a guilty or nolo contendere plea proceeding should not be bifurcated. *Id.* According to the court, there was a waiver of the right to trial by jury, therefore, punishment should have been assessed by the court, and this should have been done without bifurcation from trial of the issue of guilt. *Id.* at 535–36.

22

*Arismendez* does not control the instant case because there, the defendant pleaded guilty to the trial court, waiving the right to a jury, and yet had punishment assessed by the jury. *See, e.g., Carroll v. State*, 975 S.W.2d 630, 631–32 (Tex. Crim. App. 1998) ("Once a defendant enters a guilty plea, either to the trial court or to the jury, the proceeding in the trial court becomes a unitary rather than a bifurcated proceeding."). *Arismendez* did not present the issue of whether or not the State was required to consent to the defendant's jury waiver. Accordingly, *Arismendez* does not prevent the State from refusing to consent to a jury waiver and demanding a jury trial on guilt and punishment.

## XI. TRIAL COURT'S DISCRETIONARY CONTROL OF ITS DOCKET

The respondent contends that "[j]udicial economy and a responsible use of resources are compelling reasons" to accept Lopez's guilty plea in order to effectively control the court's docket. The respondent further concludes that the trial of all misdemeanor driving while intoxicated offenses to a jury represents a "substantial and unjustifiable expense" to Victoria County taxpayers, "interfere[s] with the orderly administration of justice," "wreck[s]" the court's docket, and causes delays in the trials of such cases.

We agree that the control of the business of the court is vested in the sound discretion of the trial judge. *Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996) (en banc); *see Wheatfall v. State*, 882 S.W.2d 829, 838 (Tex. Crim. App. 1994). Specifically, the "trial court is vested with broad discretion to manage and control its docket in order to promote the orderly and efficient administration of justice while protecting the statutory and constitutional rights of all persons who come before the court." *Taylor v. State*, 255 S.W.3d 399, 402 (Tex. App.—Texarkana 2008, pet. ref'd).

23

The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present an appropriate case for the trial court's action, but rather, "whether the trial court acted without reference to any guiding rules or principles." *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014).

However, while we agree that the trial court has broad discretion in administering its docket, the trial court's duty to impanel a jury is ministerial in nature. *State ex. rel. Curry*, 847 S.W.2d at 562; *State ex. rel. Turner*, 676 S.W.2d at 374. A ministerial act, by its nature, does not involve the use of judicial discretion. *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (orig. proceeding). Accordingly, the trial court lacked discretion to refuse to impanel a jury when the State refused to consent to Lopez's waiver of a jury trial.

## XII. POLICY

Lopez contends that we should be fair to the executive and judicial branches by permitting defendants to plead guilty in misdemeanor cases and go to the court for punishment without wasting judicial resources in a pointless jury trial on guilt. The respondent further contends that allowing the State to force jury trials in misdemeanor plea cases results in exorbitant costs and unacceptable delays in trial settings.

We appreciate and acknowledge the ramifications of the State's bright-line policy rejecting plea bargains and requiring jury trials in all misdemeanor driving while intoxicated cases. We further empathize with the frustration experienced by the respondent in attempting to efficiently and expeditiously administer all of the cases before him. However, as an intermediate appellate court, we are bound by the precedent of our state's highest criminal court. *Lockard v. State*, 364 S.W.3d 920, 924–25 (Tex. App.—

Amarillo 2012, no pet.); *Bolen v. State*, 321 S.W.3d 819, 828 (Tex. App.—Amarillo 2010, pet. ref'd); *Ervin v. State*, 331 S.W.3d 49, 53 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Zarchta v. State*, 44 S.W.3d 155, 162 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see* TEX. CONST. art. 5, § 5(a) (providing that the court of criminal appeals is the final authority for criminal law in Texas). Our court of criminal appeals has determined that the trial court does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the state. *See State ex rel. Curry v. Carr*, 847 S.W.2d at 562. Similarly, our legislature declares the public policy of the state*. Martinez v. State*, 323 S.W.3d 493, 501 (Tex. Crim. App. 2010). We may not override the legislature's intent in favor of countervailing policy considerations. *Garcia*, 387 S.W.3d at 25; *Martinez*, 323 S.W.3d at 501; *Boykin*, 818 S.W.2d at 785. The legislature has determined that the State has an interest in the method of trial which it has chosen to protect by statute. Accordingly, while we recognize the full implications of the State's policy to demand jury trials in all misdemeanor driving while intoxicated cases, it is not within our province to address these issues here.

## XIII. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that the State has met its burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *State ex. rel. Curry*, 847 S.W.2d at 562; *State ex. rel. Turner*, 676 S.W.2d at 374. Accordingly, we lift the stay previously imposed in this case and we conditionally grant relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). The respondent is directed to set this cause for a jury trial at the earliest possible day and thereafter preside over jury selection

25

and trial of the case in the manner prescribed by law. The respondent may not enter a judgment in this cause except upon the verdict of a jury as prescribed by law or otherwise in the event the State exercises its discretion to consent to the waiver of a jury trial. *See, e.g., State ex rel. Turner*, 676 S.W.2d at 374.

/s/ Gina M. Benavides
JUSTICE
GINA M. BENAVIDES

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of October, 2015.

26